UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>LOURDES MERCEDES ACEVEDO<br><br>                    Defendant. | CASE NO. 17cr1279-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C § 3582(c)(1)(A) [Dkt. 37]** |
|---|---|

      In 2017, Lourdes Mercedes Acevedo pled guilty to importation of cocaine and methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. The Court imposed a total custodial sentence of 71 months, followed by 4 years of supervised release. Acevedo is scheduled to be released from the Bureau of Prisons ("BOP") custody on December 15, 2022. She now moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), under which a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

      Acevedo urges the Court to reduce her sentence to time served because she suffers from asthma, which, she argues, increases her risk of contracting COVID-19. (Dkt. 37 at 9, 12). The Government opposes her Motion, asserting

that she doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement, and her condition does not constitute a reason so "extraordinary and compelling" that it "substantially diminishes" her ability to provide self-care in a correctional facility or is a condition from "which she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Acevedo's medical condition does not present an extraordinary and compelling reason justifying a modification of her sentence. While her asthma may increase her risk of becoming ill from COVID-19, *see* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed November 1, 2021), Acevedo's prison records indicate that her asthma is only "intermittent," and there is no suggestion that it is severe or extraordinary, (Dkt. 48 at 9–10). Nor has Acevedo demonstrated that her condition substantially diminishes her ability to provide self-care or that she can't be effectively treated within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). Acevedo likewise hasn't established that FCI Victorville Medium II, where she is currently located according to the BOP website, is unable to safeguard her health during the remainder of her sentence. To the contrary, the BOP has undertaken various measures to protect the health of the inmates incarcerated in its facilities, including mandatory testing for COVID-19 when inmates are exposed, vaccinations for inmates and staff, and medical isolation of any inmates known or suspected to have COVID-19. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed November 19, 2021). Currently, there are no active COVID-19 cases amongst the inmates at FCI Victorville Medium II. (*Id.*) Moreover, to the extent that Acevedo has a fear of contracting COVID-19 while in custody, her medical records reflect that she is fully vaccinated, having received both doses of the

Pfizer vaccine on April 20, 2021, and May 12, 2021. (Dkt. 48-1 at 14). These circumstances significantly mitigate the risk that Acevedo will contract COVID-19 or any other life-threatening illness while in custody.

The Court finds that the § 3553(a) factors continue to support the imposition of Acevedo's original sentence. Her offense—importation of thirty kilograms of cocaine and seven kilograms of methamphetamine—was unquestionably serious. The seriousness of Acevedo's offense weighs heavily against early release and predominates over considerations of her medical condition. Considerations of specific deterrence under § 3553(a)(2)(B) and protection of the public under § 3553(a)(2)(C) additionally support leaving Acevedo's original sentence undisturbed.

Acevedo has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. Her motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 19, 2021

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge